The allegation of the cause of action in the complaint rests exclusively upon the misrepresentation and fraud of the defendant as to the quantity of land sold. This is conceded by the court below. The cause was tried before a single justice without a jury, who found, as a conclusion of fact upon the evidence, that there was no fraud practiced by the defendant in the sale; but that the plaintiff was under a mistake as to the quantity of land, being misled by the erroneous statements of the *Page 159 
defendant not intentionally false. When the plaintiff rested upon the trial, the defendant moved to dismiss the complaint, on the ground that no cause of action was made out, no fraudulent misrepresentation having been proved. This motion was denied, and a judgment subsequently rendered against the defendant on the sole ground that the plaintiff was under a mistake at the time of his purchase as to the quantity of land contained within certain boundaries, which were correctly pointed out. It is not found, nor can there be any pretence, that there was any error or misapprehension as to the lines and boundaries of the lot which were pointed out and seen by the plaintiff. It seems to me that if this judgment can be sustained the provision of the Code requiring the complaint to contain a plain and concise statement of the facts constituting the cause of action, is a sheer nullity; for nothing can be plainer than that here has been a recovery and judgment upon a cause of action not only not stated but not even suggested or hinted at in the complaint. The whole gravamen is fraud. It is alleged that the plaintiff, well knowing there was less than five acres, alleged there was eight, intending to mislead and deceive. It is not a case of variance. It is a case where the allegation of the cause of action is unproved in its entire scope and meaning. And in such a case it is expressly provided by § 171 of the Code, it shall not be deemed a variance. The cause of action alleged in the complaint, and that which the judge found from the evidence to be the only cause of action existing, are as unlike each other as any two causes conceivable. No amendment of the complaint was asked for and none granted. Nor could it have been under the present practice or any other known to our courts. It was clearly, in my judgment, the duty of the judge to have dismissed the complaint when the plaintiff rested his cause. It is suggested in the opinions of the majority of the judges at the general term that the question of mistake was presented by the defendant in his answer. It will be seen, however, by *Page 160 
referring to the complaint and answer, that the defendant takes issue upon the material allegations of fact in the complaint which go to make out a case of fraud. That was the issue made by the pleadings. It would be singular indeed if we were to hold, that a separate denial of each material allegation in a complaint changed in any respect the cause of action alleged in the complaint. But even conceding this to be an action to rescind a contract on the ground of mistake as to material facts and recover back the money paid on that ground, I doubt exceedingly whether a case is made which would entitle the plaintiff to relief of that character. What was the mistake? The mistake claimed is in respect to the number of acres within certain metes and bounds. The purchase was in bulk at a specified price for the whole. There was, therefore, no mistake in arithmetical calculation to ascertain what number of acres was contained in a given area. The land was shown to the plaintiff, a diagram was given him and the boundaries were all pointed out. Indeed, it was inclosed by a fence, so there could be no mistake as to its precise and definite location. And it is not pretended that the diagram was incorrect or that it was expected the corners and lines were in any respect different from what they appeared as they were fixed and observed by the plaintiff upon the ground. It is claimed, however, that the plaintiff was misled by the defendant's deed. It is not pretended the deed did not describe the boundaries correctly. The alleged error in the deed, in which the mistake of fact on the plaintiff's part is claimed to have originated, is in the estimate therein contained of the number of acres. After describing the land by its boundaries, the description concludes: "containing about nine acres, be the same more or less," excepting a burial place there inclosed and also one acre and six perches. As matter of description this was wholly immaterial. And it could scarcely be understood by any one as the assertion of a fact in respect to the quantity of land contained within the boundaries given. It was the *Page 161 
assertion of no fact in point of law. If as a loose conjectural estimate it was ever so erroneous, there was the land within its visible boundaries to correct the error. And granting that both parties supposed there were more acres within the inclosure than it was proved to contain upon measurement, can that be called a mistake of a material fact which is to work the recision of a contract otherwise fairly made? It seems to me not. It was a mere error or mistake of judgment and not of fact. I have never seen a case where relief was granted upon an erroneous opinion as to quantity where all the controlling facts were correctly given, as they were here, nor do I believe one can be found. Such a rule would unsettle all executory contracts and every conveyance of real estate where the expectations of the grantee have been, or may be, disappointed as to the actual quantity contained within the boundaries described in his deed. The fact is found by the court that the supposed quantity of land formed an essential inducement to the plaintiff to purchase. But in Marvin v.Bennett (26 Wend., 169), this was held not to be sufficient to entitle the purchaser to relief on the ground of mistake. To entitle him to relief on that ground, the quantity must have constituted the condition of the purchase. That fact is not found, nor is there anything in the evidence from which it could have been. When the sale is in bulk and the quantity does not constitute the condition of the purchase, but only operates as an inducement, the presumption is that the quantity is at the risk of the purchaser and equity will not relieve in the absence of fraud.
The judgment of the superior court should therefore be reversed.
WRIGHT, J., concurred in the foregoing dissenting opinion. *Page 162 
SELDEN, J., did not hear the cause argued and took no part in the decision.
Judgment affirmed.